FILED
2026 Sep-24 PM 01:14
U.S. DISTRICT COURT
N.D. OF ALABAMA

**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF ALABAMA**
**NORTHEASTERN DIVISION**

**TERRY KEITH NOBINGER,**

**Petitioner,**

**v.**

**WARDEN VENCINI SMITH,**

**Respondent.**

**Case No. 5:25-cv-2064-AMM-JHE**

## MEMORANDUM OPINION

On August 14, 2026, the magistrate judge entered a Report and Recommendation, Doc. 13, recommending that the petition for writ of habeas corpus be dismissed with prejudice. The petitioner, Terry Keith Nobinger timely filed objections to the Report and Recommendation. Doc. 14.

Mr. Nobinger argues that his failure to appeal the dismissal of his Rule 32 petition, causing his petition to be procedurally defaulted, was through no fault of his own. *Id.* at 1. He claims, without evidence, that he mailed his notice of appeal during the first week of April 2026 and that either the mail room at Donaldson Correctional Facility or the United States Postal Service lost the notice of appeal. *Id*. Mr. Nobinger also does not provide any further information regarding when he requested the appeal be mailed or from whom he has requested copies of the outgoing mail log. *Id.* at 2. He further asserts that his claims are not procedurally

defaulted because he is "currently trying to obtain permission to file an out of time appeal." *Id*. Mr. Nobinger explains that his efforts are being slowed due to only having access to the law library one day per week and the scant resources found in such library. *Id.* at 2–3. Mr. Nobinger also claims that dismissing his habeas petition constitutes a miscarriage of justice since he is actually innocent. *Id.* at 3.

When a petitioner procedurally defaults on a constitutional claim, he cannot litigate that claim in a federal habeas corpus proceeding unless he can show (1) "cause and prejudice" or (2) "the fundamental miscarriage of justice." *See Smith v. Jones*, 256 F.3d 1135, 1138 (11th Cir. 2001). Under the "cause and prejudice" exception, a petitioner may overcome a procedural default by showing "cause" for the default and "prejudice attributable thereto." *Murray v. Carrier*, 477 U.S. 478, 485 (1986). Because the "cause and prejudice" exception is stated in the conjunctive, a petitioner must satisfy both requirements to excuse his procedural default. Cause requires showing some objective factor external to the petitioner which prevented the petitioner from raising the claim. *Id.* at 488. "Cause" must be more than simple neglect or ignorance, "the existence of cause for a procedural default must ordinarily turn on whether the prisoner can show that some objective factor external to the defense impeded counsel's efforts to comply with the State's procedural rule." *Id*.

"Prejudice," in turn, is a showing that the alleged federal violation actually and substantially denied the prisoner fundamental fairness at trial. *Id*. at 494.

Although Mr. Nobinger attempts to show "cause" for his failure to appeal the dismissal of his Rule 32 petition, he does not provide any support for his assertion that he actually mailed his appeal and "either the Donaldson mail room or the U.S. Postal System . . . lost the Notice of Appeal." Doc. 14 at 2. To the extent Mr. Nobinger asserts that his attempts to seek an out-of-time appeal with the Alabama Court of Criminal Appeals are being thwarted by his lack of access to the law library, his argument is not sufficient to overcome procedural default. He states that his dorm only has access to the law library one day per week. *Id.* at 3. He also complains that between "count and meal times," he may only get three to five hours in the law library on that day. *Id*. Mr. Nobinger goes on to say that many weeks he does not get access to the law library at all "due to staff shortage." *Id*. Lack of access to the law library cannot excuse default. *Madison v. Alabama*, No. 7:22-CV-40-AMM-GMB, 2023 WL 3010214, at *4 (N.D. Ala. Jan. 18, 2023), *report and recommendation adopted*, No. 7:22-CV-40-AMM-GMB, 2023 WL 2332244 (N.D. Ala. Mar. 2, 2023).

Despite Mr. Nobinger's assertion that he is attempting to obtain authorization to file an out-of-time appeal with the ACCA, no additional filings have been

docketed in Mr. Nobinger's state court record.[1] Although *pro se* pleadings are "held to a less stringent standard than a pleading drafted by an attorney" and should be liberally construed, *Jones v. Fla. Parole Comm'n*, 787 F.3d 1105, 1107 (11th Cir. 2015), they still must include factual allegations that "raise a right to relief above the speculative level." *Saunders v. Duke*, 766 F.3d 1262, 1266 (11th Cir. 2014) (internal quotation marks omitted). Mr. Nobinger's bald assertions that he mailed the appeal, someone lost it, and he is trying to obtain permission for an out-of-time appeal do not raise his allegations of cause beyond speculation. Because Mr. Nobinger cannot show cause, the undersigned need not address the issue of prejudice. *See Ward v. Hall*, 592 F.3d 1144, 1157 (11th Cir. 2010).

Mr. Nobinger argues in his objections that, for the same reasons set out above, dismissal of his habeas petition constitutes a fundamental miscarriage of justice. Doc. 14 at 3. He also contends that dismissing his habeas petition would result in a fundamental miscarriage of justice because he is actually innocent. *Id*. Mr. Nobinger asserts his claim of actual innocence in his habeas petition by setting out various

---

[1] The court may take judicial notice of Mr. Nobinger's state court criminal records which can be found at www.alacourt.com. *See Grider v. Cook*, 522 F. App'x 544, 546 n.2 (11th Cir. 2013) (noting "the district court was permitted to take judicial notice of Grider's state court criminal proceedings"); *see also Keith v. DeKalb Cnty., Ga.*, 749 F.3d 1034, 1041 n. 18 (11th Cir. 2014) (taking judicial notice of DeKalb County Superior Court's Online Judicial System pursuant to Fed. R. Evid. 201).

"facts" that he argues show that the investigation into him was faulty and he could not have committed the acts of which he was convicted. Doc. 1 at 20–29. The United States Supreme Court has held that actual innocence, if proved, serves as a gateway allowing a habeas petitioner to overcome a procedural bar. *See McQuiggin v. Perkins*, 569 U.S. 383, 386 (2013). Nevertheless, "tenable actual-innocence gateway pleas are rare: 'A petitioner does not meet the threshold requirement unless he persuades the district court that, in light of the new evidence, no juror, acting reasonably, would have voted to find him guilty beyond a reasonable doubt.'" *Id*. (quoting *Schlup v. Delo*, 513 U.S. 298, 329 (1995) (alteration adopted)). This "standard is demanding and permits review only in the 'extraordinary' case." *House v. Bell*, 547 U.S. 518, 538 (2006) (internal quotation marks omitted).

Moreover, "[t]o meet the threshold showing of innocence in order to justify a review of the merits of the constitutional claims, the new evidence must raise sufficient doubt about the petitioner's guilt to undermine confidence in the result of the trial. Actual innocence means factual innocence, not mere legal insufficiency." *Ray v. Mitchem*, 272 F. App'x 807, 810 (11th Cir. 2008) (internal quotation marks and citations omitted) (alterations adopted). The Supreme Court observed in *Schlup*:

> [A] substantial claim that constitutional error has caused the conviction of an innocent person is extremely rare. To be credible, such a claim requires petitioner to support his allegations of constitutional error with new reliable evidence—whether it be exculpatory scientific evidence,

> trustworthy eyewitness accounts, or critical physical evidence—that was not presented at trial. Because such evidence is obviously unavailable in the vast majority of cases, claims of actual innocence are rarely successful.

513 U.S. at 324 (citation omitted). Mr. Nobinger does not assert any new facts or evidence to support his claim of actual innocence in his objections. *See* Doc. 14. He also did not show evidence in his habeas petition that was sufficient to overcome his procedural default.

The court has considered the entire file in this action, together with the report and recommendation and Mr. Nobinger's objections, and has reached an independent conclusion that the report and recommendation is due to be adopted and approved. Mr. Nobinger has not raised objections to the Report and Recommendation that would excuse his procedural default. As such, his objections are **OVERRULED**.

Accordingly, the court hereby **ADOPTS** and **APPROVES** the findings and recommendation of the magistrate judge as the findings and conclusions of this court. The petition for writ of habeas corpus is due to be **DISMISSED**. A separate Order will be entered.

The court may issue a certificate of appealability "only if the applicant has a made a substantial showing of the denial of a constitutional right." 28 U.S.C. 2253(c)(2). To make such a showing, a "petitioner must demonstrate that reasonable

jurists would find the district court's assessment of the constitutional claims debatable or wrong," *Slack v. McDaniel*, 529 U.S. 473, 484 (2000), or that "the issues presented were adequate to deserve encouragement to proceed further." *Miller-El v. Cockrell*, 537 U.S. 322, 336 (2003) (internal quotations omitted). The court finds Petitioner's claims do not satisfy either standard.

**DONE** and **ORDERED** this 24th day of September, 2026.

**ANNA M. MANASCO**
UNITED STATES DISTRICT JUDGE